C-13-11a
(Rev. 5/04)

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**DURHAM DIVISION**

**In Re:**   Sharon Higgs-Diggs       xxx-xx-7735           )
            11 Alexix Court                                 )**Case No.** B-15-80767 C13D
            Durham, NC  27703                               )
                                                            )
                    Debtor                                  )

**NOTICE OF PROPOSED PLAN AND ORDER CONFIRMING PLAN**
**AND TIME FOR FILING OBJECTION THERETO**

   1. A summary of the plan proposed by the Debtor is set forth in the attached copy of a proposed Order Confirming Plan in this case.

   2. The plan will be confirmed after the time period for filing objections has expired unless a timely objection is filed or a hearing is ordered by the Court. <u>There will be no hearing on confirmation unless a timely objection is filed or a hearing is ordered.</u>

   3. Written, detailed objections must be **filed** within 28 days of the date of this notice with the Clerk of Court, U.S. Bankruptcy Court, P.O. Box 26100, Greensboro, NC 27420-6100 with copies served on (1) Richard M. Hutson, II, Standing Trustee, P.O. Box 3613, Durham, NC 27702-3613; (2) the attorney for the Debtor; and (3) the Debtor.  If the objecting party is a corporation, the objection must be filed by legal counsel admitted to practice in this District.

   4. In the event a timely objection is filed or a hearing is ordered, the hearing on the objection to confirmation and on confirmation of the proposed plan will be held on **October 8, 2015**, at 11:00 a.m. in the Courtroom, Venable Center, Dibrell Building, Ste. 280, 302 East Pettigrew Street, Durham, NC 27701. The party objecting must appear at the hearing if the objection is to be pursued.

   5. If an objection is filed, the party objecting, the Debtor and the attorney for the Debtor, are required to appear at any hearing on confirmation.

   6. There will be no further mailing of the Order Confirming Plan to affected parties unless there is a change in the attached proposed Order Confirming Plan.

DATE: <u>August 28, 2015</u>                          Office of the Clerk
                                                      Reid Wilcox, Clerk

```
C-13-7a
(Rev. 01/12)            UNITED STATES BANKRUPTCY COURT
                        MIDDLE DISTRICT OF NORTH CAROLINA
                                DURHAM DIVISION
```

In Re:                                          )    **ORDER CONFIRMING PLAN**
                                                )           **CHAPTER 13**
Sharon Higgs-Diggs            xxx-xx-7735       )
11 Alexix Court                                 )
Durham, NC  27703                               )
                                                )    **Case No.** B-15-80767 C13D
            Debtor(s)                           )

    This case came before the Court, after notice and opportunity for hearing, for confirmation of the Chapter 13 plan proposed in this case; and IT APPEARING to the Court as follows:

**I.**    The Trustee in this case is **Richard M. Hutson II**, Standing Trustee, 302 E. Pettigrew Street, PO Box 3613, Durham, NC 27702;

**II.**    The attorney for the Debtor(s) is **John T. Orcutt**;

**III.**    Under the final plan (the "Plan") as proposed:

    **A.**    **Plan Payments**

        1.    The Debtor(s) is/are to make monthly payments to the Trustee which are to be disbursed by the Trustee in accordance with the Plan and this Order;

        2.    The monthly plan payment to the Trustee is **$606.00** beginning **8/14/15**; monthly payments to the Trustee shall be **$921.00** beginning **9/14/15**;

    **B.**    **Administrative Costs**

        **1.**    **Attorney Fees.** The Attorney for the Debtor(s) is allowed the base fee of **$3,700.00**. The Attorney has received **$0.00** from the Debtor(s) pre-petition and the remainder of the base fee will be paid by the Trustee as funds are available.

        **2.**    **Trustee costs.** The Trustee will receive from all disbursements such amount as approved by the Court for payment of fees and expenses.

    **C.**    **Priority Claims**

    Any timely filed claims entitled to priority under 11 U.S.C. §507, on behalf of the entities listed below, will be paid in full in deferred cash payments unless otherwise indicated.

        **1.**    **Internal Revenue Service**
        **2.**    **North Carolina Department of Revenue**
        **3.**    **Durham County Tax Collector**

**ej/lp**

D.  **Secured Claims**

1. **Long-term Debts - To be paid directly by Debtor(s).**

| Creditor & Property | Claim Filed Y/N) | Regular Payment |
|---|---|---|
| CAS<br>11 Alexis Court<br>Durham, NC | N | Unknown |
| Chase Home Finance<br>11 Alexis Court<br>Durham, NC | N | unknown |

2. **Secured Claims To Be Paid In Full - Real Property**

| Creditor & Property | Claim Filed (Y/N) | Claim Amount | Monthly Payment | Interest Rate |
|---|---|---|---|---|
| Durham County Tax Collector<br>11 Alexis Court<br>Durham, NC<br>Real property tax | N | Unknown | To be determined | 9% |

3. **Secured Claims To Be Paid In Full - Personal Property**

| Creditor & Property | Claim Filed (Y/N) | Claim Amount | Monthly Payment | Interest Rate | AP Payment |
|---|---|---|---|---|---|
| Capital One Auto Finance<br>2011 Cadillac | N | Unknown | $405.00 | 5.25% | $225.00 |
| Capital One Auto Finance ("the creditor") shall receive adequate protection payments in the amount of $225.00 per month for ten (10) months from confirmation, after which point the Chapter 13 Trustee shall commence equal monthly payments in the amount of $405.00, until such time as the claim is satisfied.  Pursuant to 11 U.S.C. §1325(a)(5)(B)(i), the creditor shall retain its lien against the automobile until the earlier of the payment of the underlying debt determined under non-bankruptcy law or the Debtor's discharge pursuant to 11 U.S.C. §1328. | | | | | |
| Santander Consumer USA<br>2006 Jeep<br>Title Entry 1/31/12 | Y | $8,649.64 | $219.50 | 5.25% | $53.00 |
| Santander Consumer USA ("the creditor") shall receive adequate protection payments in the amount of $53.00 per month for ten (10) months from confirmation, after which point the Chapter 13 Trustee shall commence equal monthly payments in the amount of $219.50, until such time as the claim is satisfied.  Pursuant to 11 U.S.C. §1325(a)(5)(B)(i), the creditor shall retain its lien against the automobile until the earlier of the payment of the underlying debt determined under non-bankruptcy law or the Debtor's discharge pursuant to 11 U.S.C. §1328. | | | | | |

E.  **General Unsecured Claims Not Separately Classified.**

General unsecured claims not separately classified will be paid as funds become available after payment of costs of administration.  The estimated dividend to general unsecured claims is **0%**.

F.  The Debtor(s) will pay **THE GREATER OF** the amount necessary to pay all allowed costs of administration, priority and secured claims in full, with the exception of continuing long term debts, **OR** a **minimum** of **60** monthly plan payments, with the plan to be reviewed in six (6) months and periodically thereafter for plan payment adjustments;

**G.** The terms and provisions of the Standing Order dated **May 28, 2015**, are incorporated in this Order and are available on the Court's website at **www.ncmb.uscourts.gov.**

**H.** **IT FURTHER APPEARING** to the Court that the Plan complies with the requirements of 11 U.S.C. §1325; therefore, it is

**ORDERED** that the Plan is confirmed.

**END OF DOCUMENT**