UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In Re:
**Sharon Higgs-Diggs**

Case No.  15-80767
Chapter   13

Social Security No. xxx-xx-7735
Address: 11 Alexis Court, Durham, NC 27703-

Debtor

**OBJECTION TO CLAIM**

**NOW COMES** the Debtor above-named, through counsel, who respectfully objects to the proof of claim filed by the creditor ALEXANDER CROSSING HOA, INC. in this case, for the following reasons:

1. On September 25, 2015, Alexander Crossing HOA, Inc. filed a proof of claim in this case for delinquent homeowners association assessments in the amount of $1,945.00.

2. Alexander Crossing HOA, Inc. asserts, or would seem to assert, that the claim for said amount constitutes a lien pursuant to the provisions of its Declaration of Covenants (or similarly named document)(hereinafter referred to as "Declaration of Covenants").

3. In turn, Alexander Crossing HOA, Inc. asserts that said lien is entitled to be treated in this Chapter 13 case as "secured".

4. To be secured, any claim of lien arising out of an assessment held by a homeowners association must be perfected. In re Guillebeaux, Bankr Case No. 05-83953, 361 B.R. 87 (Bankr.M.D.N.C. 2007).  See also In re Castell, Bankr Case No. 12-04562-8-JRL, 2012 Bankr. LEXIS 5400, 2012 WL 5880660 (Bankr E.D.N.C. November 20,2012), *affirmed*, Kingston at Wakefield Homeowners Association, Inc. v. Castell, No. 5:13-CV-1-BO (E.D.N.C. June 17, 2013) and No. 13-1884 (4th Cir. US Ct. App. Filed November 21, 2014).

5. Assuming that its Declaration of Covenants provides for a lien, said Declaration of Covenants does not, or upon information and belief, does not, specify a method for perfection of a lien.

6. Pursuant to N.C. Gen. Stat §47F-1-102, and In re Guillebeaux, supra, where a Declaration of Covenants does not specify a method for perfection of an assessment lien, N.C. Gen. Stat. § 47F3-116 governs perfection. See also In re Castell, supra.

7. Pursuant to N.C.Gen Stat.47F-3-116, "[a]ny assessment levied against a lot.....shall

       constitute a lien on that lot when a claim of lien is filed of record in the office of the clerk of superior court of the county in which the lot is located."

8. Alexander Crossing HOA, Inc. has not attached to its proof of claim any evidence to show that a claim of lien was filed of record with the clerk of superior court of the county in which the Debtor's lot is located.

9. Therefore, the lien claimed by Alexander Crossing HOA, Inc. is not perfected, thereby rendering its claim "unsecured".

10. As neither <u>Guillebeaux</u> or <u>Castell</u> are recent cases, the continued assertion that a claim for homeowners dues without an accompanying Claim of Lien is without legal basis.

**WHEREFORE**, the Debtor respectfully prays:

1. That the Court enter an Order determining that Alexander Crossing HOA, Inc.'s claim is deemed to be a general unsecured claim, to be treated accordingly;

2. That the Court award the Debtor's Attorney fees for bringing this objection;

3. That the Court determine what, if any, further steps should be taken to ensure that the treatment of Proofs of Claim filed by HOAs comply with <u>Guillebeaux</u> and <u>Castell</u>; and

4. That the Court grant any other relief it deems just and proper.

Dated: November 4, 2015

                                        **LAW OFFICES OF JOHN T. ORCUTT, P.C.**

                                        /s Edward Boltz

                                        Edward Boltz
                                        N.C. State Bar No. 23003
                                        1738-D Hillandale Road
                                        Durham, NC 27705
                                        Telephone: (919) 286-1695
                                        Fax: (919) 286-2704
                                        Email: eboltz@johnorcutt.com

# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### DURHAM DIVISION

In Re:
**Sharon Higgs-Diggs**

Social Security No. xxx-xx-7735
Address: 11 Alexis Court, Durham, NC 27703-

Case No. 15-80767
Chapter 13

Debtor

## CERTIFICATE OF SERVICE

I, Erica Nesmith, certify under penalty of perjury that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age and that on November 4, 2015, I served copies of the foregoing **OBJECTION TO CLAIM** electronically or, when unable, by regular first-class U.S. mail, addressed to the following parties:

ALEXANDER CROSSING HOA, INC.
**Attn: Managing Agent**
C/O F. Todd Whitlow
Brownlee Law Firm, PLLC
4020 Westchase Blvd., Ste. 530
Raleigh, NC 27607-

ALEXANDER CROSSING HOA, INC.
**Attn: Managing Agent**
1500 Sunday Dr., Ste. 113
Raleigh, NC 27607-

ALEXANDER CROSSING HOA, INC.
**Attn: Registered Agent Edward J. Bedford**
5915 Farrington Rd., Ste. 104
Chapel Hill, NC 27517

William P. Miller
U.S. Bankruptcy Administrator

Richard M. Hutson, II
Chapter 13 Trustee

/s Erica NeSmith

Erica NeSmith